**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4853-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT A. WATSON, a/k/a
BOB WATSON, MICHAEL
THOMPSON, ROBERT
WILLIAMS, and MICHAEL
DOWNING,

    Defendant-Appellant.

_____

> Argued March 4, 2020 – Decided June 29, 2020
>
> Before Judges Alvarez and Suter.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 17-01-0011.
>
> Stefan Van Jura, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Stefan Van Jura, of counsel and on the brief).

Andre R. Araujo, Assistant Prosecutor, argued the cause for respondent (Jennifer Webb-McRae, Cumberland County Prosecutor, attorney; Andre R. Araujo, of counsel and on the brief).

PER CURIAM

In 2017, defendant Robert A. Watson was convicted by a jury of third-degree receiving stolen property (count three), N.J.S.A. 2C:20-7(a), and second-degree eluding (count five), N.J.S.A. 2C:29-2(b).[1] Defendant was sentenced to an aggregate term of nine years in prison and ordered to pay $1000 in restitution. He appeals the January 2, 2018 judgment of conviction. We remand the restitution portion of the sentence for the trial court to make findings regarding defendant's ability to pay. We affirm the other portions of the judgment of conviction.

I.

The following circumstances are drawn from the trial record. On September 1, 2016, the victim, K.D., reported to the police that her red Hyundai Elantra was stolen from her boyfriend's house in Millville, and that her two debit cards were missing. One card already was used for a purchase. Photographs

---

[1] He was acquitted of three other charges, including another "eluding" offense.

from the store's surveillance system showed a person using one of the cards and leaving in a vehicle similar to K.D.'s.

About three weeks later, a Millville Police Department patrolman spotted the stolen Hyundai after an alert from his patrol vehicle's license plate reader. He activated the overhead lights, and the Hyundai began to slow down and pull over to the shoulder. Before fully stopping, "[a]ll of a sudden," the Hyundai rapidly drove away toward Bridgeton. A short time later, Bridgeton Police Department patrol officer Christopher Zanni saw the car at an intersection and followed it. After activating the patrol vehicle lights and siren, the Hyundai eventually pulled over. Because the car was reported stolen, Officer Zanni and his partner approached it with their weapons drawn, ordering the driver to turn off the car. Instead, the driver "revved the engine . . . [a]nd then he took off" going "roughly, [sixty] miles an hour" and was driving "all over the road." The police chased the Hyundai, which pulled over in a residential neighborhood, and defendant was arrested. He also was issued traffic summonses, including one for reckless driving, N.J.S.A. 39:4-96.

On appeal, defendant argues:

> POINT I:
>
> DEFENDANT WAS DENIED DUE PROCESS AND A FAIR TRIAL BY TWO ERRORS IN THE

A-4853-17T4

PORTION OF THE ELUDING CHARGE THAT ALLOWED THE JURY TO DRAW AN INFERENCE FROM AN ALLEGED MOTOR VEHICLE VIOLATION THAT THE ELUDING CREATED A RISK OF DEATH OR INJURY. U.S. CONST. AMENDS. V AND XIV; N.J. CONST., ART. I, PARS. 1, 9, & 10.

POINT II:

PROSECUTORIAL ERROR IN SUMMATION FURTHER EXACERBATED THE INSTRUCTIONAL ERROR IN THE ELUDING JURY CHARGE.

POINT III:

THE MATTER MUST BE REMANDED FOR AN INQUIRY INTO DEFENDANT'S ABILITY TO PAY RESTITUTION.

## II.

Defendant was convicted of second-degree eluding. He argues when the court read the statutory definition of reckless driving, it did not provide the jury with sufficient guidance to determine if defendant had the requisite intent to commit the eluding offense. He further contends the court should have instructed the jury to disregard the "risk of death or injury to any person" element, if they determined defendant's violation of the reckless driving statute involved a risk of damage to property only, and not injury to a person.

We review the issues raised to determine whether they were "clearly capable of producing an unjust result." R. 2:10-2. "[A]ppropriate and proper [jury] charges are essential for a fair trial." State v. Baum, 224 N.J. 147, 158-59 (2016) (quoting State v. Reddish, 181 N.J. 553, 613 (2004)). Where no objection is made to a jury instruction, and in this case where the charge was approved by all counsel, "a presumption [is created] that the charge was not error and was unlikely to prejudice the defendant's case." State v. Singleton, 211 N.J. 157, 182 (2012). (5T3 to 4).

Under N.J.S.A. 2C:29-2(b),

> [a]ny person, while operating a motor vehicle on any street or highway in this State . . . , who knowingly flees or attempts to elude any police or law enforcement officer after having received any signal from such officer to bring the vehicle . . . to a full stop commits a crime of the third degree . . . .

This offense becomes a second-degree offense "if the flight or attempt to elude creates a risk of death or injury to any person." Ibid. Under the statute, "there shall be a permissive inference that the flight or attempt to elude creates a risk of death or injury to any person if the person's conduct involves a violation of chapter 4 of Title 39 . . . ." Ibid. Thus, the State can prove the "risk of death or injury to any person" element by proving actual risk of death or injury or through

permissive inference by establishing the defendant committed a motor vehicle offense. See State v. Wallace, 158 N.J. 552, 558 (1999).

The trial court instructed the jury on eluding, in part, as follows:

> You may infer risk of death or injury to any person if the defendant's conduct in fleeing or in attempting to elude the officer in Bridgeton, New Jersey, involved a violation of the motor vehicle laws of this State.
>
> It is alleged that the defendant's conduct involved a violation of the motor vehicle laws. Specifically, it is alleged that defendant was reckless driving, . . . [i]n violation of New Jersey vehicle code 39:4-96. A person who drives a vehicle heedlessly in willful or [wanton] disregard of the rights or safety of others in a manner so as to endanger or be likely to endanger a person or property shall be guilty of reckless driving.
>
> Whether he is guilty or not of that offense will be determined by an appropriate Court. In other words, it is not your job to decide whether he is guilty or not guilty of the motor vehicle offense. However, you may consider the evidence that he committed a motor vehicle offense in deciding whether he created a risk of death or injury.

We are satisfied the trial court's instruction was not "of such a nature as to have been clearly capable of producing an unjust result." R. 2:10-2; see State v. Vallejo, 198 N.J. 122, 139-40 (2009) (Rivera-Soto, J., dissenting). The court relied on the model jury charges, which generally are not considered to be

6

erroneous.  See Moggull v. CB Commercial Real Estate Grp., Inc., 162 N.J. 449, 466 (2000).  The court also instructed the jury consistent with precedent.

The court was not required to address the possibility of property damage. The eluding statute uses the phrase "risk of death or injury to any person," not property damage.  N.J.S.A. 2C:29-2(b).  See Wallace, 158 N.J. at 558 (providing that property damage cannot satisfy the eluding statute).

In Wallace, the Court held that "the term 'injury' must be defined in a second-degree eluding charge except where the permissive inference can be drawn."  Id. at 560.  Injury in this context is "[b]odily injury" as defined in N.J.S.A. 2C:11-1(a).  Id. at 558.  The failure to define injury in Wallace was harmless error because the "case was tried on the theory that because defendant violated our traffic laws, his eluding created a rebuttable inference that the flight or attempt to elude posed a risk of death or injury to any person within the meaning of N.J.S.A. 2C:29-2b."  Ibid.

Here, the "risk of death or injury" element was tried under the permissive inference portion of the statute based on the reckless driving motor vehicle charge.  The court instructed the jury on the statutory definition of reckless driving.  The court also defined "injury" for the jury consistent with N.J.S.A.

2C:11-1(a), although not required by <u>Wallace</u> to do so when proceeding under the permissible inference portion.

In <u>State v. Dixon</u>, we held that the court must instruct the jury on the elements of the motor vehicle offense if the permissive inference is used. 346 N.J. Super. 126, 138 (App. Div. 2001). This was satisfied in this case because the court read the definition of reckless driving to the jury. The jury acquitted defendant of the eluding charge stemming from the attempted stop in Millville, indicating its ability to analyze the elements of the offense and understand its terms. That it made a distinction between the incident in Millville and the one in Bridgeton showed it had sufficient guidance to determine when the statute was satisfied and when it was not.

Defendant contends the prosecutor's closing argument "further exacerbated" the problems with the eluding instructions. He argues the prosecutor attempted to "denigrate" defendant's defense, which was that he did not knowingly flee from the police, but drove a short distance to another area because he feared the police, who had their guns drawn.

The prosecutor is allowed wide latitude in summation, provided the argument is confined to the evidence in the trial and "reasonable inferences to be drawn from that evidence." <u>State v. Smith</u>, 167 N.J. 158, 178 (2001);

State v. R.B., 183 N.J. 308, 330 (2005). In this case, the prosecutor's remarks addressed defendant's argument that he did not knowingly flee from the police. Officer Zanni testified that because a stolen car was involved, this was a high risk stop where the police typically would draw their weapons. The prosecutor argued the court's jury instruction would not include the type of defense being proffered. This was fair comment by the prosecutor to the defense arguments. We are satisfied the prosecutor's comments do not require reversal.

Defendant was ordered to pay K.D. $1000 for damage to her vehicle. The State concedes, and we agree, the case should be remanded for the trial court to make findings about defendant's ability to pay restitution. See N.J.S.A. 2C:44-2(c)(2); State v. Newman, 132 N.J. 159, 175 (1993).

Affirmed in part, and remanded in part for a hearing on restitution. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4853-17T4